UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 07 C 6993 |
| v. | ) ) | |
| MICHAEL HOGAN, JR., UNITED STATES OF AMERICA, and UNITED STATES ARMY CORPS OF ENGINEERS, | ) ) ) ) | Judge Pallmeyer |
| Defendant. | ) ) | |

**FEDERAL DEFENDANTS' MOTION TO DISMISS**

Defendants United States and United States Corps of Engineers, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, hereby move pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure to dismiss the complaint against them, stating:

1. Plaintiff Country Mutual Insurance Company ("Country Mutual") seeks a declaratory judgment that defendant Michael Hogan, their insured, is not covered by Country Mutual's policy for violating the Clean Water Act, 33 U.S.C. § 1311, 1319(b) and 1344 ("CWA"). Country Mutual's case is engendered by a CWA suit brought by the United States, on behalf of the Corps of Engineers, against Michael Hogan, an additional defendant here. Complaint, ¶ 8 - 10.

2. According to the complaint, Country Mutual named the Corps of Engineers and the United States as defendants only so they would be bound by a judgment in this case. Complaint, ¶ 4, 5. In fact, Country Mutual seeks no "specific or affirmative relief" from the federal defendants. *Id.*

3. Country Mutual cites no federal statute or regulation except the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"), as a basis for the court's jurisdiction. "This statute, however, 'does not dispense with the Article III case or controversy requirement . . . , nor does it supply the court with subject matter jurisdiction.'" *Matter of VMS Securities Litigation*, 103 F.3d 1317, 1327 (7th Cir. 1996) *citing Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995).

4. The DJA provides, in pertinent part, that "[i]n a case of *actual controversy* within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201 (emphasis added).

5. Therefore, to proceed under the DJA, Country Mutual's complaint needs to identify an "actual controversy" between the federal defendants and Country Mutual. *Id.*

6. "The test to be applied to determine the existence of an actual controversy in the context of a declaratory judgment action is 'whether . . . there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *GNB Battery Technologies, Inc. v. Gould, Inc.,* 65 F.3d 615, 626 (7th Cir. 1995) *citing Nuclear Engineering Co. v. Scott*, 660 F. 2d 241, 251 - 52 (7th Cir. 1981). "This requirement 'tracks the cases and controversies requirement of article III.'" *Id., citing Harris Trust and Savings Bank v. E-II Holdings, Inc.*, 926 F.2d 636, 639 (7th Cir. 1991).

7. Here, by Country Mutual's own admission, there is no controversy between it and the federal defendants, as Country Mutual seeks no "specific or affirmative relief" from the Corps of Engineers, or from the United States. Complaint, ¶¶ 4 - 5  *Hyatt Int'l. Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002); *see Matter of VMS Securities Litigation*, 103 F.3d at 1327.

8.  Simply naming a defendant solely for purposes of being bound by a judgment does not qualify as an "actual controversy" under the DJA.  *See Liberty Mut. Ins. Co. v. Batteast by Batteast*, 113 F.R.D. 77, 80 - 81 (N.D. Ill. 1986).

9.  In any event, Country Mutual has the burden to prove that an actual controversy exists between it and the federal defendants, and it cannot meet that burden.

WHEREFORE, the court should dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief may be granted.

>Respectfully submitted,
>
>PATRICK J. FITZGERALD
>United States Attorney
>
>By: s/Kurt N. Lindland
>     KURT N. LINDLAND
>     Assistant United States Attorney
>     219 South Dearborn Street
>     Chicago, Illinois 60604
>     (312) 353-4163
>     kurt.lindland@usdoj.gov