3567 MDS/TBU

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | 07 C 6993 |
| vs. | ) ) | |
| MICHAEL HOGAN, JR., UNITED STATES OF AMERICA, and the UNITED STATES ARMY CORPS OF ENGINEERS, | ) ) ) ) ) | |
| Defendants. | ) | |

## MOTION FOR DEFAULT JUDGMENT

NOW COMES Plaintiff, COUNTRY MUTUAL INSURANCE COMPANY ("Country"), by and through its attorneys, and pursuant to Rule of Civil Procedure 55(b)(2), and moves this Court to enter a default judgment for declaratory relief against Defendant Michael Hogan, Jr. ("Hogan"). In support of said motion Country states as follows

### BACKGROUND

1. Country initiated this declaratory judgment action on December 12, 2007. A true and accurate copy of the Complaint for Declaratory Judgment is attached hereto as Exhibit 1 and incorporated herein by reference. In this declaratory judgment action, Country seeks a declaration that it does not owe insurance coverage for Hogan with respect to a lawsuit filed against him by the United States of America.

2. The United States of America filed a lawsuit against Hogan in the United States District Court for the Northern District of Illinois, Eastern Division entitled *United States of America v. Michael P. Trinski and Michael G. Hogan* bearing

cause number 07 C 3600 ("Underling Lawsuit"). An additional copy of the complaint in the Underlying Lawsuit is attached hereto as Exhibit 2.

3. The United States of America and the United States Arm Corps. of Engineers were named as defendants in order to bind them to any judgment entered in this cause because they are necessary parties under Illinois law as claimants against Hogan. Both have appeared and have filed a motion to dismiss.

### HOGAN WAS SERVED AND HAS NOT APPEARED OR ANSWERED

4. Country sent to Hogan on December 13, 2007 a "Notice of Lawsuit and Request for Waiver of Service of Summons" pursuant to FRCP 4(d). (A true and accurate copy of the Notice is attached hereto as Exhibit 3.) The Notice was sent to the address identified on the insurance policy at issue in this lawsuit. The Notice was sent to Hogan via certified mail (return receipt requested) and, according to the return receipt, was delivered to Hogan on December 15, 2008. (A true and accurate copy of the return receipt is attached hereto as Exhibit 4.)

5. Additionally, on January 9, 2008 a copy of this declaratory judgment complaint was sent to the attorney representing Hogan in the Underlying Lawsuit. A true and accurate copy of said letter is attached hereto as Exhibit 5.

6. Hogan did not return an executed waiver of summons. Therefore, Country took out personal service on Hogan. Hogan was personally served with the declaratory judgment complaint on February 20, 2008. The executed return of service was filed with this court on February 28, 2008. (A true and accurate copy of the return of service and notice of electronic filing is attached hereto as Group Exhibit 6.)

7. Hogan was required to file his appearance and responsive pleadings on or before March 13, 2008. To date, Hogan has filed nothing.

8. Notice of this motion is being sent to Hogan via Regular United States Mail as well as by Certified Mail (Return Receipt Requested). A copy of said motion also will be sent to the attorney representing Hogan in the Underlying Lawsuit.

### UNDERLYING LAWSUIT

9. The Underlying Lawsuit is a civil action filed by the United States for injunctive relief and for civil penalties pursuant to the Clean Water Act 33 U.S.C. §§1311, 1319(b) and 1344 wherein the United States alleges Hogan violated provisions of the Clean Water Act and related regulations.

10. The Underlying Lawsuit alleges Hogan either owned, leased, or otherwise controlled certain property located in the State of Illinois and within the Northern District of Illinois in McHenry, McHenry County, Illinois. The property allegedly is located at or on Nippersink Creek, a tributary of the Fox River/Chain of Lakes, a navigable – in – fact water of the United States.

11. The United States alleges that on or about August 4, 2006, and dates thereafter, the Army Corps inspected aforementioned property and found that Hogan had deposited, or caused to be deposited, dredged and/or fill material into Nippersink Creek and/or into or on the wetlands adjacent to Nippersink Creek on said property.

12. The Underlying Lawsuit further alleges that Nippersink Creek is a perennial tributary to the Fox River and Pistakee Lake a navigable water of the United States under the Clean Water Act and that the dredged and/or fill material are

pollutants under the Clean Water Act. The Underlying Lawsuit alleges the aforementioned pollutants were discharged into Nippersink Creek or the adjacent wetlands and that Hogan did not obtain a permit from the Army Corps to discharge those pollutants, and that those pollutants caused injury to the navigable waters of the United States.

<h3 style="text-align:center">N<small>O</small> C<small>OVERAGE</small> U<small>NDER</small> C<small>OUNTRY</small> P<small>OLICY</small>[1]</h3>

13. Country issued to Hogan issued a Commercial General Liability Policy bearing number AB1547070 which had a policy period of May 16, 2006 through May 16, 2007 (hereinafter "Country Mutual Policy"). A copy of the Country Mutual Policy is attached hereto as Exhibit B to the Complaint for Declaratory Judgment.

14. The Underlying Lawsuit is not covered under the Country Mutual Policy. The Underlying Lawsuit is not covered under Coverage Part A of the Country Mutual Policy because: (1) the claims against Hogan do not seek recovery for bodily injury or property damage resulting from an occurrence as those terms are defined by the Country Policy and, (2) the claims against Hogan are excluded from coverage pursuant to various exclusions found within Coverage Part A. The Underlying Lawsuit also is not covered under Coverage Part B of the Country Mutual policy because: (1) the claims against Hogan do not seek recovery for an offense within the definition of "personal and advertising injury" committed within the policy period and, (2) the claims against Hogan are

---

[1] This matter is controlled by Illinois law. As discussed in the Complaint for Declaratory Judgment Action, Country is an Illinois-domiciled insurance carrier. Hogan is an Illinois resident. The Underlying Lawsuit, filed in the United States District Court for the Northern District of Illinois, involves activities occurring in Illinois

4

excluded from coverage due to various exclusions within Coverage Part B.

### A. The Underlying Lawsuit Is Not Covered Under Coverage Part A.

#### 1.　No Property Damage Caused By An Occurrence

15.　The Underlying Lawsuit does not seek recovery for bodily injury or property damage caused by an occurrence. In order for there to be coverage, the complaint against the insured must allege facts sufficient to give rise to an occurrence. An occurrence has a definition in the policy which is "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Therefore, in order for an injury to be caused by an occurrence, the injury must have been caused by an accident. *General Agents Insurance Company v. Midwest Sporting Goods,* 328 Ill.App.3d 482 (1st Dist. 2002); *Atlantic Mutual Insurance Company v. American Academy*, 315 Ill.App.3d 552 (1st Dist. 2000). An accident is defined as "an unforeseen occurrence of disastrous character or a sudden or unexpected event." *Travelers Insurance Cos. v. P.C. Quote, Inc.,* 211 Ill.App.3d 719 (1st Dist. 1991)). The natural and ordinary consequences of an act do not constitute an accident. *Indiana Ins. Co. v. Hydra Corp.,* 245 Ill.App.3d 926 (2nd Dist. 1993).

16.　In this case, the Underlying Lawsuit does not describe an accident and, therefore, does not allege an occurrence as required by the Country Mutual Policy. The gravamen of the Underlying Lawsuit is that Hogan engaged in the intentional act of discharging the dredge materials into the Nippersink Creek and surrounding wetlands. As a result, there is no accident and no coverage under the Country Mutual Policy.

5

17. Additionally, the Underlying Lawsuit does not seek recovery for bodily injury or property damage. In order for the Country Mutual Policy to apply, the occurrence must result in either bodily injury or property damage. *Mutlu v. State Farm Fire & Casualty Co.*, 337 Ill.App.3d 420 (1st Dist. 2003). The definition of "property damage" requires physical injury to tangible property causing an alteration in appearance shape, color or other material dimension. *Traveler's Insurance Company v. Eljer Manufacturing, Inc.*, 197 Ill.2d 278 (2001). Diminution in value is considered a purely economic loss, and liability policies are not intended to cover such losses. *Traveler's Insurance Co. v. Eljer Manufacturing, Inc.*, 197 Ill.App.2d 278 (2001); *Essex Ins. Co. v. Wright*, 371 Ill.App.3d 437 (1st Dist. 2007). In this case, the Underlying Lawsuit does not seek recovery for bodily injury or property damage. The complaint does not allege that any property incurred physical injury; rather, it seeks recovery for violations of the Environmental Protection Act and related regulations. There are no allegations of bodily injury. Therefore, there is no coverage under Coverage Part A of the Country Mutual Policy.

### B. Underlying Lawsuit Is Excluded From Coverage Part A.

18. There are several exclusions applicable to prevent coverage for the Underlying Lawsuit under Coverage Part A. Exclusion A excludes from coverage "'bodily injury' or 'property damage' expected or intended from the standpoint of the insured." The exclusion applies to prevent coverage when the case involves an injury that is an intended and expected result of an intended act. *Bay State Insurance Co. v. Wilson*, 96 Ill.2d 487 (1983). Injuries that are of such a nature

6

that they should have been reasonably anticipated by the insured are considered expected injuries and excluded. *Aetna Casualty & Surety Co. v. Freyer*, 89 Ill.App.3d 617 (1st Dist. 1980). In this case, according to the complaint, Hogan deposited the pollutants into Nippersink Creek and/or the surrounding the wetlands. This activity alleged was done without the required permit from the Corps of Engineers and caused injury to the navigable waters. The dredging was intentional and the damages should have been reasonably anticipated by Hogan. As result, the allegations are excluded from coverage.

19. Exclusion F applies to prevent coverage for *inter alia* "any loss, cost or expense arising out of any . . . request, demand, order or statutory or regulatory requirement that any insured . . . clean up, remove contain, treat, detoxify or neutralize, or in any way respond to . . . the effects of, 'pollutants'. Exclusion F also excludes from coverage any "claim or suit by or on behalf of governmental authority for damages because of . . . cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of 'pollutants.'" The Underlying Lawsuit falls within this exclusion because the United States seeks an order against Hogan to clean up the pollutants discharged into Nippersink Creek and/or into or on the wetlands adjacent thereto. As a result, Exclusion F applies to preclude coverage.

20. The Underlying Lawsuit also is excluded from coverage by Exclusion M. The exclusion excludes property damage to "impaired property" arising out of a defect, deficiency, or inadequacy in the insured's work. "Impaired property" is defined as "tangible property, other than 'your product' or 'your work', that

7

cannot be used or is less useful because . . . it incorporates 'your product' or 'your work' that is known or thought to be defective, deficient, inadequate or dangerous . . . if such property can be restored to use by . . . the repair, replacement, adjustment or removal of 'your product' or 'your work'. . . ." In this case, the Underlying Lawsuit alleges that Hogan deposited the pollutants into Nippersink Creek and/or into or onto the adjacent wetlands and seeks an order for removal of the material. If Hogans work was removed, the property would be restored. As a result, the Underlying Lawsuit falls within Exclusion M and there is no coverage.

### 2. The Underlying Lawsuit Is Not Covered Under Coverage Part B.

21. The Underlying Lawsuit is not covered under Coverage Part B of the Country Mutual Policy. Coverage Part B provides coverage for those sums an insured becomes legally obligated to pay as damages because of "personal and advertising injury." "Personal and advertising injury: is defined as "injury, including consequential "bodily injury", arising out of one or more of the following offenses: (a) False arrest, detention or imprisonment; (b) Malicious prosecution; (c) The wrongful eviction from, wrongful entry into, or invasion of the right of the private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor; (d) Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; (e) Oral or written publication of material that violates a person's right of privacy (f) The use of another's advertising idea in your "advertisement"; or (g.) Infringing on upon another's copyright, trade dress or slogan in your "advertisement". The

Underlying Lawsuit does not fall within the definition of "personal and advertising injury" and, therefore, there is no coverage.

22. Additionally, even assuming the Underlying Lawsuit constitutes "personal and advertising injury", there is no coverage because the Underlying Lawsuit falls within various exclusions under Coverage Part B including Exclusion A(1), A(4), A(10), B(1) and B(2). In particular, Exclusion A(10) excludes from coverage "'personal and advertising injury' arising out of the actual, alleged or threatened discharge . . . of 'pollutant' at any time." In this case, the Underlying Lawsuit seeks recovery for Hogan's discharge of pollutants into the Nippersink Creek and the adjacent wetlands.

23. Similarly, Exclusion B(1) prevents coverage for "any loss, cost or expense arising out of any . . . request, demand, order or statutory or regulatory requirement that any insured . . . clean up, remove contain, treat, detoxify or neutralize, or in any way respond to . . . the effects of, 'pollutants'. Exclusion B(2) excludes from coverage any "claim or suit by or on behalf of governmental authority for damages because of . . . cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of 'pollutants.'" The Underlying Lawsuit falls within this exclusion because the United States seeks an order against Hogan to clean up the pollutants discharge of pollutants into Nippersink Creek and/or into or on the wetland adjacent thereto. As a result, Exclusions B(1) and B(2) apply to preclude coverage.

## CONCLUSION

24. Hogan has not responded to this lawsuit despite being served personally with the complaint. Moreover, the Country Mutual Policy does not provide coverage for the Underlying Lawsuit. As a result, this Court should enter a default judgment in favor of Country Mutual and against Hogan.

WHEREFORE, the Plaintiff, COUNTRY MUTUAL INSURANCE COMPANY, requests this Court to enter a default judgment in favor of Country and against Hogan finding and declaring as follows:

1. Country Mutual Insurance Company is not obligated to defend or indemnify Michael Hogan Jr. with respect to the Underlying Lawsuit;

2. Granting Country Mutual Insurance Company all other further relief this Court deems proper.

Respectfully submitted,

COUNTRY MUTUAL INSURANCE COMPANY

By: /s/ Michael D. Sanders
Michael D. Sanders
One of its Attorneys

Michael D. Sanders, Atty. Bar No. 6230187
PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
Tel: (312) 427-3900
Fax: (312) 427-3944
E-mail: mds@pw-law.com