**FILED**
**JUNE 26, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE VALDEZ**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| MICHAEL P. TRINSKI, and MICHAEL G. ) | **07 C 3600** |
| HOGAN, Jr., ) | |
| ) | |
| Defendants. ) | **WAH** |

## COMPLAINT

The United States of America, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, on behalf of the United States Army Corps of Engineers ("Corps of Engineers"), complains as follows:

### Introduction

1. This is a civil action for injunctive relief and for civil penalties pursuant to the Clean Water Act, 33 U.S.C. §§ 1311, 1319(b) and 1344.

2. In 1972, Congress enacted the Clean Water Act "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

3. To this end, the Clean Water Act prohibits discharging dredged and fill material into navigable waters of the United States without a permit from the Corps of Engineers. 33 U.S.C. §§ 1311(a), 1344, 1362(6), (7) and (12).

4. "Discharge of a pollutant" includes any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

5. "Pollutant" includes dredged spoil, rock, sand and cellar dirt. 33 U.S.C. § 1362(6).

6. "Navigable waters" include "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7).

**EXHIBIT 2**

7. "Point source" includes a "discernible, confined and discrete conveyance ... from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

8. "Person" includes "an individual or corporation." 33 U.S.C. § 1362(5).

9. Under section 404 of the Clean Water Act, 33 U.S.C. §§ 1344, Congress established a permit system for the discharge of pollutants (dredged and fill material) to be administered by the Corps of Engineers.

10. Discharge of dredged or fill material into the waters of the United States is prohibited by Section 301, unless authorized by a permit issued pursuant to Section 404 of the Clean Water Act.

11. Section 309 of the Clean Water Act, 33 U.S.C. § 1319(b) authorizes the United States to bring a civil action for appropriate relief, including a permanent or temporary injunction for violations of the Clean Water Act. Also, Section 309(d) of the Clean Water Act, 33 U.S.C. § 1319(d), authorizes the court to impose a civil penalty of up to $25,000 per day for each violation. For violations occurring after March 15, 2004, the maximum penalty under the Clean Water Act is $32,500 per day for each violation. 40 C.F.R. Part 19.4.

## Jurisdiction and Venue

12. The court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 33 U.S.C. §§ 1311, 1319(b) and 1344.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that the alleged violations of the Clean Water Act occurred in the Northern District of Illinois and defendants are located in the Northern District of Illinois.

## Parties

14. The plaintiff is the United States of America. The United States Attorney is authorized to bring this action pursuant to 33 U.S.C. §§ 1319(b), 1344, and 28 U.S.C. § 516.

15. Defendant, Michael P. Trinski, owns and/or operates real property located at the corner of Route 12 and Fox Lake Road, McHenry County, Illinois. Upon information and belief,

Michael P. Trinski resides at 1121 W. Fortress Dr., McHenry, Illinois 60050, which is within the Northern District of Illinois and is subject to the jurisdiction of this court.

16. Defendant, Michael G. Hogan Jr. owns and operates an excavating company known as Hogan Excavating which has its principal place of business at 6606 Barnard Mill Road, Ringwood, McHenry County, Illinois. Upon information and belief, defendant Michael G. Hogan resides at 6606 Barnard Mill Road, Ringwood, McHenry County, Illinois, which is within the Northern District of Illinois and is subject to the jurisdiction of this court.

17. Michael P. Trinski is a "person" under the Clean Water Act, 33 U.S.C. § 1362(5).

18. Michael G. Hogan Jr. is a "person" under the Clean Water Act, 33 U.S.C. § 1362(5).

19. At all times relevant to the complaint, the defendants either owned, leased or otherwise controlled the property that is the subject of this complaint, as described in this paragraph, and/or otherwise controlled the activities that occurred on such property. The approximate 27-acre property is located in the State of Illinois and within the Northern District of Illinois at the southeast corner of Route 12 and Fox Lake Road, McHenry County, Illinois, at 201 and 301 West Route 12, McHenry, Illinois, legally described as NE 1/4 Section 5 T45N R9E 3rd P.M., McHenry County, Illinois, PIN 10-05-226-004. The subject property is located at or on Nippersink Creek, a tributary of the Fox River/Chain-of-Lakes, a navigable-in-fact water of the United States. The subject property is hereinafter referred to as the "Trinski Site."

## Background of the Defendants

20. On or about January 15, 2003, the Corps of Engineers issued a cease and desist order to defendant Michael P. Trinski due to discharges of pollutants without a Corps of Engineers permit at the Trinski Site. Those discharges occurred in connection with the installation of a culvert.

21. On or about January 12, 2005, the United States filed a civil action, *United States v. Michael P. Trinski and Arrow Marine Inc.*, Case No. 05 C 0197, alleging that Michael P. Trinski, and his marina, Arrow Marine, Inc., were liable for alleged violations of the Clean Water Act, 33 U.S.C. §§ 1319(b), 1319(d) and 1344, and the Rivers and Harbors Act of 1899, 33 U.S.C. § 403,

related to discharges of pollutants and construction of a structure at or on property owned by defendant Michael P. Trinski at or in Pistakee Lake, Lake County, Illinois, without the required Corps of Engineers permit.

22. On or about June 9, 2006, defendant Michael P. Trinski signed a Consent Decree in *United States v. Michael P. Trinski and Arrow Marine Inc.*, Case No. 05 C 0197, resolving the violations alleged, as described in paragraph 21 above.

### Clean Water Act Violations

23. On August 4, 2006, and dates thereafter, the Corps of Engineers inspected the 27-acre Trinski Site and found that the defendants had deposited, or caused to be deposited, dredged and/or fill material into Nippersink Creek and/or into or on the wetlands adjacent to Nippersink Creek on the Trinski Site.

24. Nippersink Creek is a perennial tributary to the Fox River and Pistakee Lake, a navigable waters of the United States under the Clean Water Act, as defined in 33 U.S.C. § 1362(7) and 33 C.F.R. Part 328.

25. The dredged and/or fill material referenced in paragraphs 23 and 24 above are "pollutants" under the Clean Water Act. 33 U.S.C. § 1362(6).

26. The dredged and/or fill material referenced in paragraphs 23 through 25 above was discharged into waters of the United States from a "point source" as defined in the Clean Water Act, 33 U.S.C. § 1362(14).

27. The work described in paragraph 23 through 26 above constituted the "discharge of a pollutant" under the Clean Water Act, 33 U.S.C. § 1362(12).

28. The defendants did not obtain the required permit from the Corps of Engineers, and were not otherwise authorized by the Corps of Engineers, under the Clean Water Act, 33 U.S.C. § 1344, to discharge pollutants into Nippersink Creek and/or into or on the wetland adjacent to Nippersink Creek at the Trinski Site.

29. The unauthorized work of defendants described in paragraphs 23 through 28 above constituted violations of 33 U.S.C. §§ 1311, 1319(b) and 1344, and caused injury to navigable waters of the United States.

30. To date, pollutants that were deposited into Nippersink Creek and/or into or on the wetland adjacent to Nippersink Creek described in paragraphs 23 through 29 above, without a permit from the Corps of Engineers, have not been removed.

31. Each day the discharged pollutants remain in Nippersink Creek and/or in or on the wetland adjacent to Nippersink Creek, without the required permit issued pursuant to 33 U.S.C. § 1344, constitutes a day of violation of 33 U.S.C. § 1311.

32. Under the terms of 33 U.S.C. §§ 1319(b), 1319(d) and 1344, and 40 C.F.R. Part 19.4, defendants are liable to the United States for equitable and injunctive relief and are subject to a civil penalty not to exceed $32,500 per day for each violation.

### Prayer For Relief

WHEREFORE, the United States of America seeks a judgment against defendants Michael P. Trinski and Michael G. Hogan, Jr.:

a. requiring the defendants to restore the Trinski Site to its pre-disturbance condition;

b. enjoining defendants from discharging any pollutant into navigable waters of the United States without a permit;

c. requiring defendants to pay a civil penalty not to exceed $32,500 per day for each violation of the Clean Water Act;

d.  awarding the United States its costs in connection with this action; and

e.  awarding the United States such further relief as this court deems just.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Kurt N. Lindland
    KURT N. LINDLAND
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-4163

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### NOTICE OF LAWSUIT AND REQUEST FOR
### WAIVER OF SERVICE OF SUMMONS

TO:  Michael Hogan, Jr.
     Hogan Excavating
     6606 Barnard Mill Road
     Ringwood, Illinois 60072

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Northern District of Illinois and has been assigned docket number    07 CV 6993

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within    30    days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this    13th    day of
December    ,    2007    .

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

---

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—Docket number of action
E—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver



EXHIBIT 3

AO 399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### Waiver of Service of Summons

TO: _____Michael D. Sanders / Purcell & Wardrope, Chtd._____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____Michael Hogan, Jr._____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Country Mutual Insurance Company v. Michael Hogan, Jr., United States of America, and the United States Army Corps of Engineers__,
(CAPTION OF ACTION)

which is case number _____07 CV 6993_____ in the United States District Court
(DOCKET NUMBER)

for the Northern District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____12/13/07_____,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____        _____
(DATE)                         (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
   (TITLE)                    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _C. Hogan_  ☒ Agent  ☐ Addressee<br>B. Received by (Printed Name): Chris Hogan   C. Date of Delivery: 12/15/07 |
| 1. Article Addressed to:<br><br>Michael Hogan Jr.<br>Hogan Excavating<br>1010 Barnard Mill Rd<br>Ringwood IL 60072 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered     ☒ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7007 0220 0004 2318 2738 |
| PS Form 3811, February 2004 | Domestic Return Receipt   102595-02-M-1540 |

EXHIBIT 4

DEC 21 2007

# PURCELL & WARDROPE
*Chartered*
Attorneys at Law

MICHAEL D. SANDERS
mds@pw-law.com

10 SOUTH LA SALLE STREET
SUITE 1200
CHICAGO, ILLINOIS 60603-1013
*Telephone*
(312) 427-3900
*Toll Free Number*
(866) 4 PURCELL
*Facsimile*
(312) 427-3944

www.purcellwardrope.com

January 9, 2008     COPY

Robert L. Arnold, Esq.
Law Office of Robert Arnold, P.C.
119 N. Northwest Highway
Palatine, IL 60067

Re:   *Country Mutual Insurance Company v. Michael Hogan, et. al.*
      Court Number: 2007 C 6993
      Our File: 3567/CF023

Dear Counsel:

Please be advised that our office represents Country Mutual Insurance Company in the above captioned matter. We filed this complaint for declaratory judgment against your client, Michael Hogan, seeking a declaration that Country Mutual does not owe insurance coverage for Mr. Hogan regarding a lawsuit filed against him by the United States of America bearing cause number 07-CV-03600.

Be advised that, pursuant to the Federal Rules of Civil Procedure, we sent a waiver of service form to Mr. Hogan. The return receipt from the United States Post Office indicates that Mr. Hogan received the form on December 15, 2007.

Pease contact us with any questions or comments.

Sincerely,

Michael D. Sanders

MDS

mds\3567\correspondence\insured010908

EXHIBIT 5



AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

Country Mutual Insurance Company

CASE NUMBER: 07 C 6993

V.

ASSIGNED JUDGE: Rebecca R. Pallmeyer

Michael Hogan, Jr., United States of America, and the United States Army Corps of Engineers

DESIGNATED MAGISTRATE JUDGE: Susan E. Cox

TO: (Name and address of Defendant)

Michael Hogan, Jr.
6606 Barnard Mill Road
Ringwood, IL 60072

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael D. Sanders
Purcell & Wardrope, Chtd.
10 S. LaSalle Street, Suite 1200
Chicago, IL 60603

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

(By) DEPUTY CLERK

DATE: FEB 15 2008



AO 440 (Rev. 05/00) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE February 20, 2008 |
| NAME OF SERVER (PRINT) Ronald B. Steffens | TITLE Special Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: 6616 Barnard Hill Rd., Ringwood, IL 60072

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on February 22, 2008       *[signature]*
        Date                         Signature of Server

7 S. Lincoln St., Ste. 201
Hinsdale, IL 60521

*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.